Miller, J.
(dissenting). Having failed to present an affidavit by a corporate officer or employee with personal knowledge of the facts or to explain its failure to do so, the defendant may not now be heard to argue that this small claims case was improperly tried without a jury. The controlling statutory provision is embodied in CCA 1806 which governs the availability of jury trials in small claims actions. While the statute affords a defendant the right to elect to transfer the case to the regular part of the court for a jury trial, its terms carefully and narrowly delineate the procedure which a defendant must follow to exercise the statutory right. CCA 1806 provides in this regard as follows: "Any party to such action, other than the plaintiff, prior to the day upon which he is notified to appear or answer, may file with the court a demand for a trial by jury and his affidavit that there are issues of fact in the action requiring such a trial, specifying the same and stating that such trial is desired and intended in good faith” (emphasis added). The plain language of CCA 1806 thus requires submission of a personal affidavit of a party before a small claim is to be removed for trial by jury, treatment which both disturbs the claimant’s preferred choice of forum and necessarily entails greater expense and delay for *220 both the claimant and defendant. Were it intended that an affidavit of an attorney or other nonparty would suffice to fulfill the requirements of the statute, the drafters presumably would have included appropriate language to that effect, as is found, for example, in that section of CCA article 18 setting out the procedures for commencement of a small claims action (see, CCA 1803 [a] ["Small claims shall be commenced * * * without the service of any pleading other than a statement of his cause of action by the claimant or someone in his behalf to the clerk”] [emphasis supplied]). Nor is it apparent why the court, in assessing the bona tides of a defendant’s jury demand, should be relegated to defense counsel’s secondhand attestion concerning the party’s "good faith”. Indeed, it seems clear that the statutory requirement that a statement of good faith appear in the supporting affidavit presupposes that the affidavit be submitted directly by the party whose good faith is in issue.
The requirement of CCA 1806 that the party demanding a jury trial submit an affidavit is neither elusive nor onerous. I see no reason to wink at the defendant’s failure to comply with the statutory requirement and extend it the relief which was properly denied below. There being no other basis urged on appeal to disturb the experienced Trial Judge’s handling of this simple and straightforward matter, I respectfully dissent and vote to affirm.
Parness, J. P., and McCooe, J., concur; Miller, J., dissents in a separate memorandum.